### UNITED STATES DISTRICT COURT
### SOUTHERN DISTRICT OF FLORIDA

PERFECT PUTTER CO.,
CLARK COLLINS and
PATRICK RILEY,

      Plaintiffs,

vs.

CALLAWAY GOLF COMPANY,
a foreign corporation;
CALLAWAY GOLF SALES COMPANY,
a foreign corporation;
ODYSSEY GOLF, a foreign corporation;
and KERRY KEENA,

      Defendants.

_____/

CASE NUMBER **02 - 14342**

JUDGE:

**CIV-PAINE**

**FRANK J. LYNCH, JR.**
**UNITED STATES MAGISTRATE JUDGE**

## NOTICE OF REMOVAL

Defendants, Callaway Golf Company ("CALLAWAY GOLF"), Callaway Golf Sales Company ("CALLAWAY GOLF SALES"), Odyssey Golf ("ODYSSEY") and Kerry Keena ("KEENA") (collectively, "DEFENDANTS"), file this Notice of Removal of the above-captioned action, which was filed by the Plaintiffs, Perfect Putter Company ("PERFECT PUTTER"), Clark Collins ("COLLINS"), and Patrick Riley ("RILEY") (collectively, "PLAINTIFFS") in the Circuit Court of the Nineteenth Judicial Circuit in and for Martin County, Florida, Case Number 02-935CA. In support of this Notice of Removal, the DEFENDANTS would show that Plaintiffs have fraudulently joined KEENA, a CALLAWAY GOLF SALES employee, to tactically destroy diversity. DEFENDANTS state as follows:

**I.    INTRODUCTION.**

      This is a case about one of the most successful selling golf putters of all time. CALLAWAY GOLF's Odyssey White Hot 2- Ball Putter is a unique patented invention that is popular among golf

amateurs and professionals alike.  The claims and defenses should be heard in federal court because there is diversity jurisdiction after the dismissal of a fraudulently joined resident salesperson, KEENA, whose involvement with the PLAINTIFFS relative to the PLAINTIFFS' putter was limited to two brief contacts with COLLINS involving nothing more than the exchange of contact information.

## II.   ALLEGATIONS IN SUPPORT OF REMOVAL JURISDICTION.

1.      On November 27, 2002, Perfect Putter Company ("PERFECT PUTTER"), Clark Collins ("COLLINS") and Patrick Riley ("RILEY") (collectively, "PLAINTIFFS") filed the above-captioned action in the Nineteenth Judicial Circuit in and for Martin County, Florida.  Pursuant to 28 U.S.C. § 1446, attached hereto as composite Exhibit **"A"** are copies of all process, pleadings, and orders served upon the DEFENDANTS.

2.      At the time of filing the Complaint and at the time of filing this Notice of Removal, PERFECT PUTTER was a Florida corporation with its principal place of business in Florida.  (*See* Complaint ¶ 6).

3.      At the time of filing the Complaint and at the time of filing this Notice of Removal, COLLINS was a Florida citizen.  (*Id.* ¶ 4).

4.      At the time of filing the Complaint and at the time of filing this Notice of Removal, RILEY was a Florida citizen.  (*Id.* ¶ 5).

5.      At the time of filing the Complaint and at the time of filing this Notice of Removal, CALLAWAY GOLF was a Delaware corporation with its principal place of business in California.  (*See* Aff. of Anne Marie Oldham [Exhibit **"B"**]).[1]

---

[1] The United States Court of Appeals for the Eleventh Circuit has adopted the "total activity" test as the legal standard for determining a corporation's principal place of business. *Century Fasteners Corp. v. Spacecoast Supply Corp.*, 775 F. Supp. 392, 394 (M.D. Fla. 1991).  Under this test a court will

6.      At the time of filing the Complaint and at the time of filing this Notice of Removal, CALLAWAY GOLF SALES was a California corporation with its principal place of business in California. *(See* Aff. of Anne Marie Oldham [Exhibit **"C"**]).

7.      At the time of filing the Complaint and at the time of filing this Notice of Removal, ODYSSEY was a dissolved corporation, which was formerly incorporated in California with its principal place of business in California. *(See* Aff. of Anne Marie Oldham [Exhibit **"D"**]).

8.      At the time of filing the Complaint and at the time of filing this Notice of Removal, KEENA was a citizen of Florida. (*See* Complaint ¶ 10).

9.      The amount in controversy in this case exceeds $75,000.00, exclusive of interest and costs. Despite the fact that the Complaint only alleges the state jurisdictional requirement of over $15,000.00, the Court may make an independent evaluation of the monetary value of the claim to determine whether the amount in controversy exceeds $75,000.00. *See, e.g., Lewis v. AT&T Corp.*, 898 F. Supp. 907, 909 (S.D. Fla. 1995). There is no dispute that the amount in question in this case exceeds $75,000.00.[2]

10.     CALLAWAY GOLF was served process on December 2, 2002.

11.     CALLAWAY GOLF SALES was served with process on December 2, 2002.

12      KEENA was served on December 2, 2002 through his wife pursuant to section

_____

consider such factors as the state where the managerial and policymaking functions are carried out; the state in which the company's corporate offices, corporate records, ledgers, and accounts are kept; the state where a majority of the company's employees work; and the state where the payroll is administered and paid. An affidavit from a corporate officer attesting to these facts is sufficient evidence to show principal place of business. *Id.*

[2] The amount in controversy exceeds $75,000.00 because the sales totals thus far for Callaway's Odyssey White Hot-Two Ball Putter exceed $75,000.00. (*See* Aff. of Brad Holiday [Exhibit **"E"**]). The PLAINTIFFS have released several news articles stating that the amount in controversy is hundreds of millions of dollars. (*See* Article [Exhibit **"F"**]).

48.031(2)(a).

13       ODYSSEY was served improperly on December 2, 2002 through KEENA's wife.

14.      All the DEFENDANTS join in this Notice of Removal without waiving any rights that they have asserted.

15.      The United States District Court for the Southern District of Florida is the district in which the state court action was filed.

16.      The Complaint in this case includes twelve counts for state law causes of action, which are as follows: **Count I** - Misappropriation of Trade Secrets, **Count II** - Negligent Breach of Confidential Relationship, **Count III** - Intentional Breach of Confidential Relationship, **Count IV** - Negligent Misrepresentation, **Count V** - Fraudulent/Intentional Misrepresentation, **Count VI** - Fraud and Deceit, **Count VII** - Constructive or Equitable Fraud, **Count VIII** - Breach of Implied Contract, **Count IX** - Conversion of Proprietary Information, **Count X** - Unjust Enrichment, **Count XI** - Breach of the Covenant of Good Faith and Fair Dealing, and **Count XII** - Fraudulent Inducement.

17.      The core factual allegations in the Complaint are that the DEFENDANTS allegedly misappropriated the PLAINTIFFS' alleged trade secret for a putter and are now unjustly benefitting from the sale of a putter that is based on the PLAINTIFFS' alleged trade secret.

18.      Jurisdiction is proper in this Court based on diversity jurisdiction under 28 U.S.C. § 1332, because the PLAINTIFFS fraudulently joined KEENA in the two counts alleging Constructive or Equitable Fraud and Unjust Enrichment.

19.      KEENA was included in the Complaint solely for the purpose of destroying diversity jurisdiction, and to prevent the foreign defendants from exercising their right to have this case heard in federal district court.

20.     This Court should find that KEENA was fraudulently joined because the PLAINTIFFS cannot establish legitimate causes of action against KEENA for Constructive or Equitable Fraud and/or Unjust Enrichment.  Further, these claims are preempted by the Uniform Trade Secrets Act.

21.     A true copy of this Notice of Removal will be filed with the clerk of the state court, as required by 28 U.S.C. § 1446(d).

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing has been furnished by *and by Hand Delivery* U.S. Mail to **Madison McClellan** and **Linda Weiksnar** of GARY, WILLIAMS, PARENTI, FINNEY, LEWIS, MCMANUS, WATSON & SPERANDO, 221 E. Osceola St. Stuart, Florida 34994, Attorneys for the PLAINTIFFS, this 20th day of December, 2002.

By: _____

STEPHEN C. PAGE, ESQUIRE
Florida Bar No. 239623
E-mail: spage@pm-law.com
SCOTT KONOPKA, ESQUIRE
Florida Bar No. 080489
E-mail: skonopka@pm-law.com
JOHN W. CHAPMAN, ESQUIRE
Florida Bar No. 0186112
E-mail: jchapman@pm-law.com
PAGE, MRACHEK, FITZGERALD
& ROSE, P.A.
1000 S.E. Monterey Commons Blvd.,
Suite 306
Stuart, Florida 34996
Telephone:     (772) 221-7757
Facsimile:     (772) 781-6886

W:\CASES\CALLAWAY\Pleadings\Notice of Removal.wpd

IN THE CIRCUIT COURT OF THE 19ᵀᴴ JUDICIAL CIRCUIT
IN AND FOR MARTIN COUNTY, FLORIDA

PERFECT PUTTER, CO.,
CLARK COLLINS and
PATRICK RILEY,
     Plaintiffs

CASE NO. 02- 935 c/A

v.

HON. BEN BRYAN

CALLAWAY GOLF COMPANY,
a foreign corporation,
CALLAWAY GOLF SALES
COMPANY, a foreign corporation,
ODYSSEY GOLF, a foreign corporation,
and KERRY KEENA,

     Defendants
_____/

## COMPLAINT

COME NOW the Plaintiffs, by and through undersigned counsel and file this, their

Complaint for damages, against the Defendants, CALLAWAY GOLF COMPANY

(CALLAWAY), a foreign corporation, ODYSSEY GOLF, a foreign corporation,  and KERRY

KEENA, and state that they are entitled to relief against the defendants, and allege as follows:

1.    This is an action for damages in excess of $15,000.00 (Fifteen Thousand Dollars and

no/100s).

2.    Venue is proper in Martin County Florida.

3.    This Court has jurisdiction of this matter.

4.    Plaintiff CLARK COLLINS is a resident of Martin County, Florida, is over the age of

eighteen years, and is otherwise *sui juris*.

5.    Plaintiff PATRICK RILEY is a resident of Palm Beach County, Florida, is over the age of

eighteen years, and is otherwise *sui juris*.



EXHIBIT

Composite

A

6.   Plaintiff PERFECT PUTTER CO. is a Florida Corporation, licensed to do and doing business in Martin County, Florida.

7.   Defendant CALLAWAY is a foreign corporation licensed to do business and actively doing business in Martin County, Florida.

8.   Defendant ODYSSEY is a foreign corporation licensed to do business and actively doing business in Martin County, Florida.

9.   Defendant CALLAWAY GOLF SALES COMPANY (CALLAWAY SALES) is a foreign corporation licensed to do and actively doing business in Martin County, Florida.

10.  Defendant KERRY KEENA is, upon information and belief, a resident of Palm Beach County, Florida, over the age of eighteen years, and is otherwise *sui juris*.

11.  COLLINS and RILEY are partners in PERFECT PUTTER.

12.  At all times material hereto, KEENA has been employed by CALLAWAY as a sales representative whose territory included Martin and Palm Beach counties.

13.  COLLINS, a lifetime PGA member and a poor putter, tried over one hundred seventy five different putters in an attempt to improve his putting. None of these putters performed up to expectations.

14.  In November 1994, COLLINS conceived an idea to create a unique type of putter, one which utilized a larger head with weighting behind the face of the putter, to provide a more consistent swing and solid contact with the golf ball.

15.  COLLINS fashioned a prototype putter using modeling clay and fishing "sinkers"; while he was modifying the design, COLLINS would freeze the modeling clay prototypes so that they would not melt while he played in tournaments with them.

16.  In January 1995, COLLINS traveled to a foundry in Tampa where they provided him with

some ingots to use in his prototypes, to replace the fishing sinkers. COLLINS took all

reasonable precautions to maintain the confidentiality of his project and to protect his

proprietary concepts and designs; he did specify the size and shape of the ingots, but he

did not reveal the specifications and theories of his proprietary concept. The management

indicated, upon COLLINS' request, that they would keep his drawings and specifications

confidential.

17.   For the next two months, COLLINS worked with the modeling clay and ingots, grinding

the ingots and repositioning them to achieve the effect he wanted. He spent an additional

month testing shaft locations to determine the most effective placement.

18.   Once COLLINS had achieved the effect he wanted, he produced a putter with a solid

aluminum head and a compound angle of the shaft relative to the club head. COLLINS

tested the putter and found that it provided the more consistent swing and stable contact

necessary to allow a golfer to improve his putting game.

19.   COLLINS found that the inertia provided by the large mass of the club head, once the

individual places the putter into motion, meant that the club head tended to continue

along a smooth straight path, even while striking the ball, despite any random fluctuations

in force which might be applied to the club by the user. This resulted in substantially

increased accuracy in putting.

20.   COLLINS asked the engineers at Pegasus Engineering Services, Inc. to test his putter to

see if the employees could brainstorm any improvements on the putter. After two weeks

of trying, the head of Pegasus told COLLINS that he and his associates could not improve

on the performance of the putter. At all times material hereto, the employees of Pegasus

Group agreed to and did keep COLLINS' designs, concepts and specifications

...dential, recognizing COLLINS' proprietary interest in the concepts, designs and specifications.

COLLINS then started making putters for professionals.

22. In May, 1995, using the putter, COLLINS won the South Florida PGA open for Seniors; other professionals asked COLLINS to make putters for them.

23. In the summer of 1995, KEENA spoke with COLLINS about purchasing one of COLLINS' putters for his own use.

24. KEENA was so impressed with the putter that he called CALLAWAY from COLLINS' office.

25. KEENA spoke with Dick Helmstetter, senior VP and chief of new products for CALLAWAY, who at that time claimed he was not interested, as he believed that CALLAWAY had the best engineers, and he did not think that someone from outside of the company could create a product which would interest CALLAWAY.

26. About one month after the meeting with KEENA, RILEY came to golf with COLLINS. The two men discussed the putter and what had happened with Helmstetter. RILEY, a former PGA professional, had played with the putter and recognized the uniqueness of the concept and design, as well as its effectiveness.

27. RILEY, a former golf retailer who had, as a result of being a major account of CALLAWAY's, a close relationship with the CALLAWAY executives, called Bruce Parker, the head of sales at CALLAWAY, and explained the concept to him, as well as the putter's track record.

28. Parker invited COLLINS to make a presentation at CALLAWAY.

29. On or about October 12, 1995, COLLINS made a presentation of his putter to the

executives and staff at CALLAWAY; the presentation was presided over by ELY CALLAWAY, chairman and CEO of CALLAWAY, and lasted about one and a half hours. Everything presented by COLLINS was done so under an agreement of confidentiality, with all parties understanding that COLLINS' trade secret concepts and procedures were in fact confidential, and that a confidential relationship had been created.

30.   During the presentation, the executives and staff members of CALLAWAY tested the putters in the conference room.

31.   After the presentation, the putters were taken to the testing center, where they were issued out to testers, including professional golfers who were employed by CALLAWAY to test new club designs.

32.   While the putters were being tested, ELY CALLAWAY took COLLINS to lunch at La Costa; after lunch, COLLINS played with a professional golfer who was on staff with CALLAWAY. This golfer was, at CALLAWAY's direction, testing COLLINS' putter; he later remarked that he generally does not putt as well as he had just done with COLLINS' putter.

33.   ELY CALLAWAY asked Helmstetter to escort COLLINS during the next few days at the CALLAWAY facility. During this time, Helmstetter asked a number of questions trying to determine what COLLINS wished to obtain from his association with CALLAWAY.

34.   On or about October 15, 1995, COLLINS met with Paul Runyon, a world renowned professional golfer who was generally considered to be the premier "short game" and putting specialist in the world.

35.   CALLAWAY had requested that Runyon test the putter, which he did. Runyon had several pages of notes regarding the Perfect Putter, and indicated that ELY CALLAWAY

himself had requested that Runyon test the putter. COLLINS met with Runyon to discuss the putter and its performance. Runyon told COLLINS that he did not know how COLLINS had done it, but that COLLINS' putter was the finest feeling putter he had ever used.

36.     As he left the meeting with Runyon, COLLINS asked ELY CALLAWAY to sign his non-disclosure forms; in response, ELY CALLAWAY stated "My handshake is my bond" and indicated that COLLINS did not have to worry about non-disclosure forms. He further stated that CALLAWAY had decided to finalize a deal with COLLINS. These comments strengthened the understanding among the parties that there was a confidential and fiduciary relationship among the parties.

37.     ELY CALLAWAY further stated that COLLINS would need to leave his putters with CALLAWAY, and gave COLLINS his home telephone number to reassure COLLINS. However, when COLLINS called ELY CALLAWAY at home, his telephone call was never returned.

38.     ELY CALLAWAY also told COLLINS that COLLINS should be proud and honored, as the company had never before done a deal with someone from outside the company, and that CALLAWAY was very pleased with the demonstrably superior performance of the COLLINS putters.

39.     COLLINS returned home to Stuart, Florida later that day, leaving his putters with CALLAWAY, as requested by ELY CALLAWAY and other executives at CALLAWAY.

40.     The next morning at approximately 11:30 a.m., Dick Helmstetter called COLLINS in his office in Stuart, Florida to discuss the terms of the deal between CALLAWAY and

COLLINS.

Helmstetter stated that CALLAWAY was offering to pay a certain amount of cash, stock options and 5-7% in royalties.

42. Following that conversation, several weeks passed without word from CALLAWAY; the company neither consummated the deal nor returned the putters.

43. After several unreturned telephone calls to Helmstetter, COLLINS contacted Bruce Parker and explained that he had not received any return telephone calls from Helmstetter. Parker stated that he did not know why that was happening, that CALLAWAY was committed to a deal with COLLINS, and that he would look into the situation for COLLINS.

44. Shortly thereafter, COLLINS received a telephone call from Donald Dye, the President and COO of CALLAWAY.

45. Dye sent a contract to COLLINS, but the terms were materially different from what Helmstetter and COLLINS had agreed to weeks earlier.

46. COLLINS contacted Dye to advise him of the discrepancies; Dye asked COLLINS to prepare a contract which COLLINS felt accurately reflected the terms as described by Helmstetter.

47. COLLINS prepared the contract and forwarded it to Dye. Several weeks passed in which COLLINS received no response to his telephone calls or correspondence.

48. Approximately four or five weeks after COLLINS sent the contract to Dye, COLLINS received a fax from Dye which indicated that CALLAWAY no longer intended to honor its agreement with COLLINS.

49. While COLLINS had been trying to contact CALLAWAY to conclude the deal,

COLLINS declined to enter into profitable arrangements with other golf companies.

50. After several requests, Dye agreed that he and ELY CALLAWAY would meet with COLLINS at the golf show in Orlando in January 1996.

51. COLLINS traveled from Stuart, Florida to Orlando to meet Dye and ELY CALLAWAY; Dye and ELY CALLAWAY failed to appear at the golf show to meet with COLLINS.

52. COLLINS approached the CALLAWAY booth and asked KEENA to notify CALLAWAY that he wanted the company to send his putters back, as the company no longer intended to honor its commitments.

53. COLLINS did not receive his putters back for approximately six to eight weeks, during which time he repeatedly called CALLAWAY and sent written requests for the return of his property.

54. In 1996, COLLINS and RILEY formed PERFECT PUTTER CO. in order to manufacture and market its product, the "Perfect Putter."

55. In January 1997, COLLINS, RILEY and PERFECT PUTTER CO. exhibited the Perfect Putter at the golf show in Orlando, Florida. The feedback from other exhibitors and attendees at the convention was tremendous, and the Perfect Putter began to receive a great deal of positive attention from golf professionals and media associated with the golf industry.

56. In the fall of 1997, RILEY attended the golf show in Las Vegas, Nevada, where he met with Helmstetter and ELY CALLAWAY.

57. ELY CALLAWAY and Helmstetter invited RILEY to come to the company's testing area with a few putters, so that the company could test them again.

58. RILEY accepted this invitation and left a few putters with CALLAWAY.

shortly thereafter, COLLINS received a telephone call from Tim Gillis, the western regional manager of True Temper, who told COLLINS that he had observed the testing by Roger Cleveland, that the putters had performed incredibly well, and that CALLAWAY wanted to make a deal with COLLINS. True Temper is a company which manufactures golf club shafts, and Mr. Gillis indicated that he was interested in manufacturing the shafts for the Perfect Putter. Mr. Gillis indicated that Helmstetter would be calling COLLINS within the next few days.

60.   On or about October 15, 1997, COLLINS and RILEY received a telephone call from Helmstetter, who indicated that CALLAWAY wanted to purchase PERFECT PUTTER CO. Helmstetter personally gave his word that the deal was on and that COLLINS, RILEY and PERFECT PUTTER CO. could "bank on it."

61.   Helmstetter also indicated that the Perfect Putter had been performing incredibly well in the "player test," whereby employees of CALLAWAY who use demo clubs are asked which putter they want to use; an overwhelming proportion of the employees repeatedly requested the Perfect Putter. Helmstetter stated to RILEY and/or COLLINS that it was the outcome of the "player test" which convinced CALLAWAY to acquire PERFECT PUTTER and the unique COLLINS putter concept.

62.   Helmstetter indicated that, as part of the deal, CALLAWAY insisted that PERFECT PUTTER CO. cease all further manufacturing and sales while the agreement was finalized, other than the production of certain putters which CALLAWAY requested COLLINS and PERFECT PUTTER CO. make for CALLAWAY.

63.   At approximately the same time, CALLAWAY was negotiating for the purchase of ODYSSEY, which deal was consummated for approximately 130 million dollars. The

....er president of ODYSSEY is currently the President of CALLAWAY.

On or about October 16, COLLINS forwarded approximately 16 putters to CALLAWAY at CALLAWAY's request.

65. The items sent to CALLAWAY included complete putters as well as some heads with no shaft, and some shafts with no heads. At least four of the putter heads were designed to place the shaft at the front of the putter head.

66. On or about October 17, COLLINS forwarded additional putters to CALLAWAY, again at CALLAWAY's request.

67. At the request of CALLAWAY, COLLINS provided his proprietary conceptual drawings and notes to CALLAWAY so that CALLAWAY could perform a cost benefit analysis.

68. In reliance on these representations of CALLAWAY, COLLINS, RILEY and PERFECT PUTTER CO. ceased production and dismissed the sales force of twenty representatives. PERFECT PUTTER CO. closed its facility, as requested to do by CALLAWAY, and incurred financial losses including but not limited to the lease and equipment.

69. Once PERFECT PUTTER CO. had ceased operation, Helmstetter ceased returning telephone calls to COLLINS, RILEY and PERFECT PUTTER CO.

70. Approximately one month after PERFECT PUTTER CO. ceased operations at the behest of CALLAWAY, COLLINS, RILEY and PERFECT PUTTER CO. were advised that CALLAWAY had changed its mind about the deal.

71. On several occasions, following the refusal of CALLAWAY to honor its agreement, COLLINS requested the return of his putters, heads and shafts. Several requests went completely unanswered. Finally, several weeks later, some - but not all - of the putters, heads and shafts were returned to RILEY, loosely thrown into a box.

fall of 2001, COLLINS and RILEY noticed (when they watched the tournaments on television) that certain professional golfers playing on the European tour were using a mallet shaped putter which bore a remarkable resemblance to the Perfect Putter; however, as these putters were not yet commercially available, COLLINS and RILEY could not inspect these putters.

73.    In January 2002, CALLAWAY introduced the Odyssey White Hot Two Ball Putter, the concept and design of which is based entirely on the trade secret concepts, designs and procedures created by COLLINS. Until that time, Plaintiffs were not aware that the proprietary concepts and designs had been misappropriated by CALLAWAY for its own use and profit.

74.    In a few short months, the Odyssey White Hot Two Ball Putter has become the fastest selling putter in the world.

75.    Upon information and belief, CALLAWAY SALES has been the primary marketer and distributor of the Odyssey White Hot Two Ball Putter.

76.    Defendants have made false statements of fact, in media and marketing information, regarding the design and development of the Odyssey White Hot Two Ball Putter, which have the effect of misleading the public regarding the actual origin of the design and concept of the putter.

77.    The plaintiffs herein have had to hire the undersigned attorney and agree to pay a reasonable attorneys fee in order to pursue their legal rights.

trade secrets were acquired by improper means, either from a person who had utilized improper means to acquire the secret, or under circumstances which gave rise to a duty to maintain their secrecy or limit its use, or derived from or through a person who owed a duty to the plaintiff to maintain its secrecy or limit its use.

86.    Prior to any change in Defendants' position, they knew or had reason to know that the concepts, designs, specifications, drawings and exemplars, among other things, were the Plainitffs' trade secret and that the knowledge of it had been acquired by accident, mistake or improper means.

87.    Defendants intentionally disclosed and used Plaintiff's trade secrets without Plaintiff expressed or implied consent, and with knowledge that the trade secrets were acquired by improper means.

88.    Defendants have been unjustly enriched as a result of such misappropriation, this to the detriment of Plaintiff who have thereby been irreparably harmed.

**WHEREFORE**, Plaintiffs demand judgment against the Defendants in excess of $15, 000.00, as follows:

a)    The past, present, and future actual loss caused by the misappropriation;

b)    The past, present and future unjust enrichment to Defendants caused by the misappropriation;

c)    That all defendants, including their officers, directors, agents, servants, employees, attorneys, confederates, and all persons acting for, with, by, through or under them be enjoined during the pendency of this action and thereafter perpetually from using Plaintiff's proprietary trade secrets, including all works;

d)    That Defendants pay to Plaintiff all special and general damages including exemplary

damages in connection with Defendants' theft of trade secrets;

e)   That Defendants pay Plaintiff all their reasonable attorney's fees and costs;

f)   Pre- and Post-judgment interest; and

g)   Such other relief as this Court may deem just and equitable.

## COUNT II

## NEGLIGENT BREACH OF CONFIDENTIAL RELATIONSHIP
## CALLAWAY, CALLAWAY SALES AND ODYSSEY

89.   The Plaintiffs repeat and reallege the allegations contained in paragraphs 1 through 77 of this complaint, incorporating them as though fully set forth herein.

90.   A confidential relationship existed between Plaintiffs and Defendants.

91.   Defendants breached this confidential relationship by making unauthorized use of the subject matter of such relationship without permission of Plaintiffs.

92.   Defendants only gained access to Plaintiffs' proprietary designs and concepts by virtue of the confidential relationship which existed among the Plaintiffs and Defendants.

93.   Said Defendants have been unjustly enriched by their breach of said confidential relationship with the Plaintiffs, to the detriment of the Plaintiffs.

**WHEREFORE,** Plaintiffs demand judgment against the Defendants in excess of $15,000.00, as follows:

a)   Any and all past, present, and future actual loss and economic damages caused by Defendants breach of confidential relationship;

b)   That Defendants pay to Plaintiff exemplary damages in connection with Defendants' willful breach of the confidential relationship;

c)   That Defendants pay Plaintiff all their reasonable attorney's fees and costs;

Pre- and Post-judgment interest; and

e)    Such other relief as this Court may deem just and equitable.

## COUNT III

### INTENTIONAL BREACH OF CONFIDENTIAL RELATIONSHIP
### CALLAWAY, CALLAWAY SALES AND ODYSSEY

94.    The Plaintiffs repeat and reallege the allegations contained in  paragraphs 1 through 77 of this complaint, incorporating them as though fully set forth herein.

95.    The information provided by Plaintiffs was done so under conditions of confidence.

96.    A confidential relationship existed between Plaintiffs and defendants.

97.    Defendants only gained access to Plaintiffs' proprietary designs and concepts by virtue of the confidential relationship which existed among the Plaintiffs and Defendants.

98.    Defendants breached this confidential relationship by making unauthorized use of the subject matter of such relationship without permission of plaintiffs.  Defendants did so willingly and knowingly.

99.    Defendants have been unjustly enriched by their breach of the confidential relationship with the Plaintiff to the detriment of the Plaintiff.

WHEREFORE, Plaintiffs demand judgment against the Defendants, in excess of $15,000.00, as follows:

a)    Any and all past, present, and future actual loss and economic damages caused by Defendants' breach of implied contract;

b)    That Defendants pay to Plaintiff exemplary damages in connection with Defendants' willful breach of the implied contract;

c)    That Defendants pay Plaintiffs all its reasonable attorney's fees and costs;

d)      Pre- and Post-judgment interest; and

e)      Such other relief as this Court may deem just and equitable.

## COUNT IV

## NEGLIGENT MISREPRESENTATION
## CALLAWAY, CALLAWAY SALES AND ODYSSEY

100.   The Plaintiffs repeat and reallege the allegations contained in  paragraphs 1 through 77 of

this complaint, incorporating them as though fully set forth herein.

101.   Upon information and belief, CALLAWAY, CALLAWAY SALES and/or ODYSSEY made

false statements of material fact to Plaintiffs concerning the status of Defendants' business

relationship with Plaintiff and/or Defendants true intentions regarding the PERFECT

PUTTER project and/or omissions of material fact.

102.   Upon information and belief, Defendants also made false statements of facts to the golf

industry and the general public regarding the Odyssey White Hot Two Ball putter.

103.   In the exercise of reasonable care under the circumstances, Defendants should have known

the statements were false.

104.   Defendants knew they were misleading Plaintiff and intended that Plaintiff rely thereon.

105.   Said Defendants' actions constituted negligent misrepresentation, upon which Plaintiff

reasonably relied, and Plaintiff has suffered substantial damages as a result thereof.

WHEREFORE, Plaintiffs demands judgment against the Defendants in excess of

$15, 000.00, as follows:

a)      Any and all past, present, and future actual loss and economic damages associated

with Defendant's negligent misrepresentations;

b)      Any and all past, present, and future unjust enrichment caused by Defendant's

b)    Any and all past, present, and future unjust enrichment caused by Defendant's negligent misrepresentation;

c)    That Defendants pay Plaintiff all its reasonable attorney's fees and costs;

d)    Pre- and Post-judgment interest; and

e)    Such other relief as this Court may deem just and equitable.

## COUNT VI

### FRAUD AND DECEIT
### CALLAWAY, CALLAWAY SALES AND ODYSSEY

113.   The Plaintiffs repeat and reallege the allegations contained in  paragraphs 1 through 77 of this complaint, incorporating them as though fully set forth herein.

114.   Defendants intentionally made false statements of fact to Plaintiff concerning the status of their business relationship and/or their true intention regarding the PERFECT PUTTER projects and/or omissions of fact, intending that Plaintiff rely on the false statements and/or omissions of fact;

115.   Plaintiffs did in fact rely to their detriment upon such representations and omissions.

116.   Plaintiffs could not discover the falsity of Defendants' misrepresentation, or the Defendants' true intent relative to the PERFECT PUTTER project since these facts were not within the control of Plaintiffs.

117.   As a result of its reliance on Defendants' misrepresentation, Plaintiffs have suffered economic losses from, including inter alia, loss of income, royalties and other consideration that they would have obtained had Defendants compensated Plaintiff for the value of their business plans, hardware, drawings and specifications and associated proprietary business information, among other things.

8.	Defendants' actions and misrepresentations constituted fraud and deceit and resulting therefrom, Plaintiffs have suffered great damage.

**WHEREFORE,** Plaintiffs demand judgment against the defendants in excess of $15, 000.00, as follows:

a)	Any and all past, present, and future actual loss and economic damages associated with Defendants' fraud and deceit;

b)	Any and all past, present, and future unjust enrichment caused by Defendants' fraud and deceit;

c)	That Defendants pay to Plaintiff exemplary damages in connection with Defendants' fraud and deceit.

d)	That Defendants pay Plaintiff all its reasonable attorney's fees and costs;

e)	Pre- and Post-judgment interest; and

f)	Such other relief as this Court may deem just and equitable.

### COUNT VII

### CONSTRUCTIVE OR EQUITABLE FRAUD
### ALL DEFENDANTS

119.	The Plaintiffs repeat and reallege the allegations contained in  paragraphs 1 through 77 of this complaint, incorporating them as though fully set forth herein.

120.	A fiduciary and/or confidential relationship existed between the Plaintiff and all Defendants.

121.	The Defendants misrepresented to the Plaintiffs that the Defendants were interested in a joint venture and/or business relationship with the Plaintiff.

122.	Plaintiffs were induced to act to its detriment by Defendants' misrepresentation, and such reliance was reasonable under the circumstances.

Plaintiffs have suffered and continue to suffer economic losses as a direct result of Defendants' constructive fraud.

124.   Defendants' actions constituted constructive or equitable fraud, and, resulting therefrom, Plaintiffs have suffered great damage.

**WHEREFORE,** Plaintiffs demand judgment against the Defendants in excess of $15,000.00, as follows:

a)   That Defendants be required to account for and pay to Plaintiff all gains, profits, and advantages derived by Defendants from their above complained acts as set forth in the above Counts, including an accounting for all prospective gains, profits and advantages derived and to be derived by Defendants;

b)   That there be established a constructive trust to the benefit of Plaintiff for the payment of designated percentages of the proceeds of sale of any product produced and/or marketed by any defendant and/or affiliated company, which utilized Plaintiffs' trade secret concepts and designs.

c)   That Defendants pay to Plaintiff exemplary damages in connection with Defendants' fraud and deceit;

d)   That Defendants pay Plaintiff all its reasonable attorney's fees and costs;

e)   Pre- and Post-judgment interest; and

f)   Such other relief as this Court may deem just and equitable.

## COUNT VIII

### BREACH OF IMPLIED CONTRACT
### CALLAWAY, CALLAWAY SALES AND ODYSSEY

125.   The Plaintiffs repeat and reallege the allegations contained in paragraphs 1 through 77 of

this complaint, incorporating them as though fully set forth herein.

126.    The Defendants freely and willingly received Plaintiffs' proprietary materials pursuant to an implicit understanding that they not be used without Plaintiffs' permission.

127.    As such, an implied contract arose by operation of law between Plaintiff and the within Defendants.

128.    A term of this implied contract was that defendants would compensate Plaintiffs if defendants used its concepts and materials.

129.    All Corporate Defendants did use Plaintiffs' concepts and various proprietary rights in conscious disregard to Plaintiff's rights under said implied contract.

130.    Plaintiffs have not received any legal or equitable consideration, under said implied contract.

131.    Defendants have thereby been unjustly enriched as a result of their wrongfully acquired gains from the Plaintiffs.

132.    Plaintiffs are thereby entitled to restitution for the unjust enrichment of the Defendants attendant to their development and use, present and future, of Plaintiffs' properties.

**WHEREFORE,** Plaintiffs demand judgment against the Defendants, in excess of $15, 000.00, as follows:

a)    Any and all past, present, and future actual loss and economic damages caused by Defendants' breach of implied contract;

b)    That Defendants pay to Plaintiffs exemplary damages in connection with Defendants' willful breach of the implied contract;

c)    That Defendants pay Plaintiffs all reasonable attorney's fees and costs;

d)    Pre- and Post-judgment interest; and

e)    Such other relief as this Court may deem just and equitable.

## COUNT IX

### CONVERSION OF PROPRIETARY INFORMATION
### CALLAWAY, CALLAWAY SALES AND ODYSSEY

133.    The Plaintiffs repeat and reallege the allegations contained in  paragraphs 1 through 77 of this complaint, incorporating them as though fully set forth herein.

134.    Defendants CALLAWAY, CALLAWAY SALES and ODYSSEY converted certain valuable proprietary information of Plaintiff to their own use without authority and did so willfully, maliciously and knowingly.  Such information included but was not limited to Plaintiff's concept, specifications and drawings for the PERFECT PUTTER.

135.    As a direct and proximate result of the willful control and  retention of the property belonging to Plaintiffs, defendants engaged in overt acts of dominion and control over the property.  These acts are inconsistent with and adverse to the rights of Plaintiff, the true and lawful owners of the property.

136.    Plaintiffs have been damaged by Defendants' acts of conversion.

**WHEREFORE,** Plaintiffs demand judgment against the Defendants, in excess of $15, 000.00, as follows:

   a)    Any and all past, present, and future actual loss and economic damages caused by Defendants' breach of implied contract;

   b)    That Defendants pay to Plaintiff exemplary damages in connection with Defendants' willful breach of the implied contract;

   c)    That Defendants pay Plaintiffs all its reasonable attorney's fees and costs;

   d)    Pre- and Post-judgment interest; and

   e)    Such other relief as this Court may deem just and equitable.

<u>COUNT X</u>

<u>UNJUST ENRICHMENT</u>
<u>ALL DEFENDANTS</u>

137. The Plaintiffs repeat and reallege the allegations contained in paragraphs 1 through 77 of this complaint, incorporating them as though fully set forth herein.

138. This is an equitable action based upon the unjust enrichment conferred upon and received by all defendants.

139. Commencing on or about January 2002, CALLAWAY , CALLAWAY SALES, ODYSSEY and KEENA began receiving valuable benefits including but not limited to national and international approbation and enhancement of their professional reputation and standing, as well as monetary remuneration and profit for the sale of the Odyssey White Hot-Two Ball putter.

140. The defendants knew that these valuable benefits had been received, intended that the benefits be received, voluntarily accepted such valuable benefits and currently retain the benefits conferred.

141. The value of the benefits received by Defendants greatly exceeds the jurisdictional amount of this Court.

142. The circumstances of the conferment and/or receipt of these valuable benefits are such that it would be inequitable for defendant to retain them without paying the value thereof to plaintiff.

143. Wherefore, Plaintiff respectfully requests this Honorable Court to fashion an equitable remedy such that Defendants CALLAWAY, CALLAWAY SALES, ODYSSEY and KEENA be compelled to pay the value of the benefits to Plaintiff with which they were

unjustly enriched, to pay the costs of this action and for such other and further relief as the Court deems just and equitable.

**WHEREFORE,** Plaintiffs demands judgment against the Defendants in excess of $15,000.00, as follows:

a) Any and all past, present, and future actual loss and economic damages associated with Defendant's negligent misrepresentations;

b) Any and all past, present, and future unjust enrichment caused by Defendant's negligent misrepresentation;

c) That Defendants pay Plaintiff all its reasonable attorney's fees and costs;

d) Pre- and Post-judgment interest; and

e) Such other relief as this Court may deem just and equitable.

<u>COUNT XI</u>

<u>BREACH OF COVENANT OF GOOD FAITH AND FAIR DEALING</u>
<u>CALLAWAY, CALLAWAY SALES AND ODYSSEY</u>

144. The Plaintiffs repeat and reallege the allegations contained in paragraphs 1 through 77 of this complaint, incorporating them as though fully set forth herein.

145. The defendants had a duty, to Plaintiffs and the general public, to use good faith and fair dealing in their interactions with the Plaintiffs.

146. Defendants breached that duty by acting without honesty in fact in their transactions with Plaintiffs.

147. The Plaintiffs have been damaged by Defendant's breach of covenant of good faith and fair dealing.

**WHEREFORE,** Plaintiffs demands judgment against the Defendants in excess of

0.00, as follows:

   a)    Any and all past, present, and future actual loss and economic damages associated
         with Defendant's negligent misrepresentations;

   b)    Any and all past, present, and future unjust enrichment caused by Defendant's
         negligent misrepresentation;

   c)    That Defendants pay Plaintiff all its reasonable attorney's fees and costs;

   d)    Pre- and Post-judgment interest; and

   e)    Such other relief as this Court may deem just and equitable.

## COUNT XII

### FRAUDULENT INDUCEMENT
### CALLAWAY, CALLAWAY SALES AND ODYSSEY

148.   The Plaintiffs repeat and reallege the allegations contained in  paragraphs 1 through 77 of
       this complaint, incorporating them as though fully set forth herein.

149.   Defendants made false representations to Plaintiffs, knowing that the representations were
       material and false.

150.   Defendants made these false representations with the intent to, among other things, induce
       Plaintiff to act or refrain from acting, and/or to induce Plaintiff to enter into or refrain from
       entering into certain advantageous business relationships, and/or to develop or refrain from
       developing certain features of its product, for the Defendants' benefit.

151.   Plaintiffs were entitled to rely on the representations of Defendants, and relied on them to
       their detriment.

152.   The Plaintiffs have been damaged by Defendants' fraudulent inducement.

       **WHEREFORE,** Plaintiffs demands judgment against the Defendants in excess of

$15, 000.00, as follows:

a)      Any and all past, present, and future actual loss and economic damages associated with Defendant's negligent misrepresentations;

b)      Any and all past, present, and future unjust enrichment caused by Defendant's negligent misrepresentation;

c)      That Defendants pay Plaintiff all its reasonable attorney's fees and costs;

d)      Pre- and Post-judgment interest; and

e)      Such other relief as this Court may deem just and equitable.

## ENTITLEMENT TO ATTORNEY'S FEES

Plaintiffs hereby plead and claim for entitlement to attorney's fees under Florida Statute §768.79, upon the occurrence of all conditions precedent to the recovery of attorney's fees under the subject statute. This paragraph is included to fulfill the requirements of Florida law.

## DEMAND FOR JURY TRIAL

Plaintiffs hereby demand trial by jury as to all issues so triable as a matter of law.

Respectfully submitted this **27th** day of **November** 2002.

**GARY, WILLIAMS, PARENTI, FINNEY,**
**LEWIS, McMANUS, WATSON & SPERANDO**
Attorneys for Plaintiffs
Waterside Professional Building
221 East Osceola Street
Stuart, Florida 34994
(772) 283-8260


**WILLIE E. GARY**
Florida Bar No: 187843
**MADISON B. McCLELLAN**
Florida Bar No: 0955530
**LINDA L. WEIKSNAR**
Florida Bar No.: 0040487
**LISA M. TREMPE**
Florida Bar No: 566500

# *NATIONAL REGISTERED AGENTS, INC.*
## *SERVICE OF PROCESS SUMMARY TRANSMITTAL FORM*

To: ANNE MARIE OLDHAM (VICE PRES., ASSOC.GEN.COUNSEL & ASST.SEC)
CALLAWAY GOLF COMPANY
2285 RUTHERFORD RD.
CARLSBAD, CA 92008-8815

SOP Transmittal #        FL23343

Telephone   (800) 767-1553

Fax   (609) 716-0820

Defendant:   CALLAWAY GOLF SALES COMPANY

Enclosed herewith are legal documents received on behalf of the above captioned entity by National Registered Agents, Inc. or its Affiliate
in the State of FLORIDA on this 2nd day of December, 2002. The following is a summary of the document(s) received:

1)     **Title of Action:**   Perfect Putter, Co., Clark Collins and Patrick Riley vs. Callaway Golf Company, Callaway Golf Sales Company ...

2)     **Document(s) served:**

| | | | | | |
|---|---|---|---|---|---|
| X | Summons | ___ | Subpoena | ___ | Injunction |
| X | Complaint | ___ | Third Party Complaint | ___ | Notice of: _____ |
| ___ | Petition | X | Demand for Jury Trial | ___ | Mechanics Lien |
| ___ | Garnishment | ___ | Default Judgement | ___ | Other: |

3)     **Court of Jurisdiction/**     Circuit Court, 19th Circuit, Martin County, Florida
       **Case & Docket Number:**     02-935CA

4)     **Amount claimed, if any:**     In Excess of $15000

5)     **Method of Service:**

| | | | | | | | |
|---|---|---|---|---|---|---|---|
| X | Personally Served By: | X | Process Server | ___ | Deputy Sheriff | ___ | U.S. Marshall |
| ___ | Delivered Via: | ___ | Certified Mail | ___ | Regular Mail | ___ | Facsimile |
| ___ | Other: | | | | | | |

6)     **Date and Time of Service:**     12/2/02 11:10:44 AM

7)     **Appearance/Answer Date:**     20 Days

8)     **Plaintiff's Attorney:**   Willie E. Gary
Gary Williams Parenti et al
221 East Osceola St.
Stuart, FL 34994
772-283-8260

9)     **Federal Express Airbill #**   790643485007

10)   **Call Made To:** MYRA

11)   **Special Comments:**

NATIONAL REGISTERED AGENTS, INC.                **Copies To:**

RECEIVED

DEC 0 5 2002

Transmitted by: Edward Hand

The information contained in this Summary Transmittal Form is provided by National Registered Agents, Inc. for the informational purposes only and should not be considered a legal opinion. It is the responsibility of the parties receiving this form to review the legal documents forwarded and to take the appropriate action.

ORIGINAL

IN THE CIRCUIT COURT OF THE 19TH JUDICIAL CIRCUIT
IN AND FOR MARTIN COUNTY, FLORIDA

PERFECT PUTTER, CO.,
CLARK COLLINS and
PATRICK RILEY,
     Plaintiffs

CASE NO. 02- *935C/A*

v.

HON. BEN BRYAN

CALLAWAY GOLF COMPANY,
a foreign corporation,
CALLAWAY GOLF SALES
COMPANY, a foreign corporation
ODYSSEY GOLF, a foreign corporation,
and KERRY KEENA,

RCVD. *11.29.02 at 9:30 a.m.*
SRVD. *12.02.02 -10:05 a.m.*

CERT.
RECO.

     Defendants
_____/

## SUMMONS

**THE STATE OF FLORIDA:**

**TO Each Sheriff of the State:**

     **YOU ARE HEREBY COMMANDED** to serve this Summons and a copy of the Complaint or Petition in the above styled cause upon the Defendant:

Callaway Golf Sales Co.
C/O NRAI Services, Inc., Registered Agent
526 East Park Avenue
Tallahassee, FL 32301

Each Defendant is hereby required to serve written defenses to said Complaint or Petition on Plaintiff's attorney, whose name and address is:

MADISON B. McCLELLAN
Waterside Professional Building
221 E. Osceola Street
Stuart, Florida 34994
(772) 283-8260
FBN #0955530

within twenty (20) days after service of this Summons upon that Defendant, exclusive of the day or service, and to file the original of said written defenses with the Clerk of said Court either before service on Plaintiff's attorney or immediately thereafter. If a Defendant fails to do so, a default will be entered against that Defendant for the relief demanded in the Complaint or Petition.

In accordance with the Americans with Disability Act, persons with disabilities needing a special accommodation to participate in these proceedings should contact the Court Administrator at 100 East Ocean Blvd., Stuart FL 34995, phone (772)288-5553, no later than seven (7) days prior to proceedings. If hearing impaired, (TDD) 1/800/955-8771 or Voice 1/800/955-8770 via Florida Relay Service.

DATED _____11/27_____, 2002.

MARSHA G. EWING
Clerk of Circuit and County Court

(Court Seal)

DEPUTY CLERK

NOTICE TO PERSONS WITH DISABILITIES

**IMPORTANTE**

Usted ha sido demandado legalmente. Tiene 20 dias, contados a partir del receibo de esta notificacion, para contestar la demanda adjunta, por escrito, y presentaria ante esta tribunal. Una llamada telefonica no lo protegera. Si usted desea que el tribunal considere su defensa, debe presentar su respuesta por escrito, incluyendo el numero del caso y los nombres de las partes interesadas. Si usted no contesta la demanda a tiempo, pudiese perder el caso y podria ser despojado de sus ingresos y propiedades, o privado de sus derechos, sin previo aviso del tribunal.
Existen otros requisitos legales. Si lo desea, puede usted consultar a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a una de las oficinas de asistencia legal que aparecen en la guia telefonica.

Si desea responder a la demanda por su cuenta, al mismo tiempo en que presenta su repuesta ante el tribunal, debera usted enviar por correo o entregar una copia de su respuesta a la persona denominada abajo como Plaintiff/Plaintiff's attorney (demandante o abogado del demandante).

**IMPORTANT**

Des poursuites judiciares ont ete entreprises contre vous. Vous avez 20 jours consecutifs a partir de la date de l'assignation de cette citation pour desposer une reponse ecrite a la plainte ci-jointe aupres de ce tribunal. Un simple coup de telephone est insuffisant pour vous proteger. Vous etes obliges de deposer votre reponse ecrite, avec mention du numero de dossier ci-dessus et du nom des parties nommees ici, si vous souhaitez que le tribunal entende votre cause. Si vous ne deposez pas votre reponse ecrite dans le relai requis, vous risquez de perdre la cause ainsi que votre salaire, votre argent, et vos biens peuvent etre saisis par la suite, sans aucun preavis ulterieur du tribunal. Il y a d'autres obligations juridiques et vous pouvez requerir les services immediats d'un avocat. Si vous ne connaissez pas d'avocat, vous pourriez telephoner a un service de reference d'avocats ou a un bureau d'assistance juridique (figurant a l'annuaire de telephones),

Si vous choisissez de deposer vous-meme une reponse ecrite, il vous faudra egalement, en meme temps que cette formalite, faire parvenir ou expedier une copie de votre reponse ecrite au Plaintiff/Plaintiff's attorney (plaignant ou a son avocat) nomme ci-dessous.

## IN THE CIRCUIT COURT OF THE 19ᵀᴴ JUDICIAL CIRCUIT
## IN AND FOR MARTIN COUNTY, FLORIDA

PERFECT PUTTER, CO.,
CLARK COLLINS and
PATRICK RILEY,
     Plaintiffs

CASE NO. 02- *935c/A*

v.

HON. BEN BRYAN

CALLAWAY GOLF COMPANY,
a foreign corporation,
CALLAWAY GOLF SALES
COMPANY, a foreign corporation
ODYSSEY GOLF, a foreign corporation,
and KERRY KEENA,

     Defendants
_____/

## SUMMONS

**THE STATE OF FLORIDA:**

**TO Each Sheriff of the State:**

     **YOU ARE HEREBY COMMANDED** to serve this Summons and a copy of the Complaint or Petition in the above styled cause upon the Defendant:

Odyssey Golf Company
C/O Kerry Keena
600 Shore Rd.
North Palm Beach, FL 33408

Each Defendant is hereby required to serve written defenses to said Complaint or Petition on Plaintiff's attorney, whose name and address is:

MADISON B. McCLELLAN
Waterside Professional Building
221 E. Osceola Street
Stuart, Florida  34994
(772) 283-8260
FBN #0955530

Received_____Served_____
Time_____By_____
CPS # PS-89-41
JOSEPH J. RICH, C.P.S.

within twenty (20) days after service of this Summons upon that Defendant, exclusive of the day or service, and to file the original of said written defenses with the Clerk of said Court either before service on Plaintiff's attorney or immediately thereafter. If a Defendant fails to do so, a default will be entered against that Defendant for the relief demanded in the Complaint or Petition.

In accordance with the Americans with Disability Act, persons with disabilities needing a special accommodation to participate in these proceedings should contact the Court Administrator at 100 East Ocean Blvd., Stuart FL 34995, phone (772)288-5553, no later than seven (7) days prior to proceedings.  If hearing impaired, (TDD) 1/800/955-8771 or Voice 1/800/955-8770 via Florida Relay Service.

DATED _____ 11/27 _____, 2002.

MARSHA G. EWING
Clerk of Circuit and County Court

(Court Seal)

NOTICE TO PERSONS WITH DISABILITIES
If you are a person with a disability who needs any accommodation in order to participate in this proceeding, you are entitled, at no cost to you, to the provision of certain assistance. Please contact Clerk of Court's Administration Division, 100 E. Ocean Blvd., Ste. 200, Stuart, FL 34994. 561-288-5576 within 2 working days of your receipt of this document. If you are hearing or voice impaired, call 1-800-955-8771.

s/s DEBBIE FLEETWOOD
DEPUTY CLERK

## IMPORTANTE

Usted ha sido demandado legalmente.  Tiene 20 dias, contados a partir del receibo de esta notificacion, para contestar la demanda adjunta, por escrito, y presentaria ante esta tribunal.  Una llamada telefonica no lo protegera.  Si usted desea que el tribunal considere su defensa, debe presentar su respuesta por escrito, incluyendo el numero del caso y los nombres de las partes interesadas.  Si usted no contesta la demanda a tiempo, pudiese perder el caso y podria ser despojado de sus ingresos y propiedades, o privado de sus derechos, sin previo aviso del tribunal.
Existen otros requisitos legales.  Si lo desea, puede usted consultar a un abogado immediatamente.  Si no conoce a un abogado, puede llamar a una de las oficinas de asistencia legal que aparecen en la guia telefonica.

Si desea responder a la demanda por su cuenta, al mismo tiempo en que presenta su repuesta ante el tribunal, debera usted enviar por correo o entregar una copia de su respuesta a la persona denominada abajo como Plaintiff/Plaintiff's attorney (demandante o abogado del demandante).

## IMPORTANT

Des poursuites judiciares ont ete entreprises contre vous.  Vous avez 20 jours consecutifs a partir de la date de l'assignation de cette citation pour desposer une reponse ecrite a la plainte ci-jointe auprès de ce tribunal.  Un simple coup de telephone est insuffisant pour vous proteger.  Vous etes obliges de deposer votre reponse ecrite, avec mention du numero de dossier ci-dessus et du nom des parties nommees ici, si vous souhaitez que le tribunal entende votre cause.  Si vous ne deposez pas votre reponse ecrite dans le relai requis, vous risquez de perdre la cause ainsi que votre salaire, votre argent, et vos biens peuvent etre saisis par la suite, sans aucun preavis ulterieur du tribunal.  Il y a d'autres obligations juridiques et vous pouvez requerir les services immediats d'un avocat.  Si vous ne connaissez pas d'avocat, vous pourriez telephoner a un service de reference d'avocats ou a un bureau d'assistance juridique (figurant a l'annuaire de telephones).

Si vous choisissez de deposer vous-meme une reponse ecrite, il vous faudra egalement, en meme temps que cette formalite, faire parvenir ou expedier une copie de votre reponse ecrite au Plaintiff/Plaintiff's attorney (plaignant ou a son avocat) nomme ci-dessous.

IN THE CIRCUIT COURT OF THE 19ᵀᴴ JUDICIAL CIRCUIT
IN AND FOR MARTIN COUNTY, FLORIDA

PERFECT PUTTER, CO.,
CLARK COLLINS and
PATRICK RILEY,
    Plaintiffs

                       CASE NO. 02- *935C/4*

v.

                       HON. BEN BRYAN

CALLAWAY GOLF COMPANY,
a foreign corporation,
CALLAWAY GOLF SALES
COMPANY, a foreign corporation
ODYSSEY GOLF, a foreign corporation,
and KERRY KEENA,

       Defendants
_____/

## SUMMONS

**THE STATE OF FLORIDA:**

**TO Each Sheriff of the State:**

      **YOU ARE HEREBY COMMANDED** to serve this Summons and a copy of the Complaint or Petition in the above styled cause upon the Defendant:

                      Callaway Golf Co.
                      C/O Kerry Keena
                      600 Shore Rd.
                North Palm Beach, FL 33408

Each Defendant is hereby required to serve written defenses to said Complaint or Petition on Plaintiff's attorney, whose name and address is:

MADISON B. McCLELLAN
Waterside Professional Building    Received_____Served_____
221 E. Osceola Street
Stuart, Florida 34994          Time_____By_____
(772) 283-8260                     CPS # PS-89-41
FBN #0955530                  JOSEPH J. RICH, C.P.S.

within twenty (20) days after service of this Summons upon that Defendant, exclusive of the day or service, and to file the original of said written defenses with the Clerk of said Court either before service on Plaintiff's attorney or immediately thereafter. If a Defendant fails to do so, a default will be entered against that Defendant for the relief demanded in the Complaint or Petition.

In accordance with the Americans with Disability Act, persons with disabilities needing a special accommodation to participate in these proceedings should contact the Court Administrator at 100 East Ocean Blvd., Stuart FL 34995, phone (772)288-5553, no later than seven (7) days prior to proceedings.  If hearing impaired, (TDD) 1/800/955-8771 or Voice 1/800/955-8770 via Florida Relay Service.

DATED _____11/27_____, 2002.

MARSHA G. EWING
Clerk of Circuit and County Court

NOTICE TO PERSONS WITH DISABILITIES
If you are a person with a disability who needs any accommodation in order to participate in this proceeding, you are entitled, at no cost to you, to the provision of certain assistance.  Please contact Clerk of Court's Administration Division, 100 E. Ocean Blvd., Ste. 200, Stuart, FL 34994, 561-288-5576 within 2 working days of receipt of this document.  If you are hearing or voice impaired, call 1-800-955-8771.

(Court Seal)

By:_____s/s DEBBIE FLEETWOOD
DEPUTY CLERK

## IMPORTANTE

Usted ha sido demandado legalmente.  Tiene 20 dias, contados a partir del receibo de esta notificacion, para contestar la demanda adjunta, por escrito, y presentaria ante esta tribunal.  Una llamada telefonica no lo protegera.  Si usted desea que el tribunal considere su defensa, debe presentar su respuesta por escrito, incluyendo el numero del caso y los nombres de las partes interesadas.  Si usted no contesta la demanda a tiempo, pudiese perder el caso y podria ser despojado de sus ingresos y propiedades, o privado de sus derechos, sin previo aviso del tribunal.  Existen otros requisitos legales.  Si lo desea, puede usted consultar a un abogado immediatamente.  Si no conoce a un abogado, puede llamar a una de las oficinas de asistencia legal que aparecen en la guia telefonica.

Si desea responder a la demanda por su cuenta, al mismo tiempo en que presenta su repuesta ante el tribunal, debera usted enviar por correo o entregar una copia de su respuesta a la persona denominada abajo como Plaintiff/Plaintiff's attorney (demandante o abogado del demandante).

## IMPORTANT

Des poursuites judiciares ont cte entreprises contre vous.  Vous avez 20 jours consecutifs a partir de la date de l'assignation de cette citation pour desposer une reponse ecrite a la plainte ci-jointe aupres de ce tribunal.  Un simple coup de telephone est insuffisant pour vous proteger.  Vous etes obliges de deposer votre reponse ecrite, avec mention du numero de dossier ci-dessus et du nom des parties nommees ici, si vous souhaitez que le tribunal entende votre cause.  Si vous ne deposez pas votre reponse ecrite dans le relai requis, vous risquez de perdre la cause ainsi que votre salaire, votre argent, et vos biens peuvent etre saisis par la suite, sans aucun preavis ulterieur du tribunal.  Il y a d'autres obligations juridiques et vous pouvez requerir les services immediats d'un avocat.  Si vous ne connaissez pas d'avocat, vous pourriez telephoner a un service de reference d'avocats ou a un bureau d'assistance juridique (figurant a l'annuaire de telephones).

Si vous choisissez de deposer vous-meme une reponse ecrite, il vous faudra egalement, en meme temps que cette formalite, faire parvenir ou expedier une copie de votre reponse ecrite au Plaintiff/Plaintiff's attorney (plaignant ou a son avocat) nomme ci-dessous.

## IN THE CIRCUIT COURT OF THE 19ᵀᴴ JUDICIAL CIRCUIT
## IN AND FOR MARTIN COUNTY, FLORIDA

PERFECT PUTTER, CO.,
CLARK COLLINS and
PATRICK RILEY,
     Plaintiffs

                                 CASE NO. 02- *935c/A*

v.

                                 HON. BEN BRYAN

CALLAWAY GOLF COMPANY,
a foreign corporation,
CALLAWAY GOLF SALES
COMPANY, a foreign corporation
ODYSSEY GOLF, a foreign corporation,
and KERRY KEENA,

     Defendants
—————————————————————/

## SUMMONS:
## PERSONAL SERVICE ON AN INDIVIDUAL

TO:   Kerry Keena
      600 Shore Rd.
      North Palm Beach, FL 33408

**THE STATE OF FLORIDA:**

Received *12/02/02*  Served *12/02/02*
Time *105* By *[signature]*
CPS # PS-0441
JOSEPH J. RICH, C.P.S. *I 702*

**TO EACH SHERIFF OF THE STATE: YOU ARE HEREBY COMMANDED** to serve this Summons and a copy of the Complaint or Petition in this lawsuit on the above-named Defendant.

### IMPORTANT

    A lawsuit has been filed against you. You have 20 calendar days after this summons is served on you to file a written response to the attached Complaint in this Court. A phone call will not protect you; your written response, including the above case number and named parties, must be filed if you want the Court to hear your case. If you do not file your response on time, you may lose the case, and your wages, money, and property may thereafter be taken without further warning from the Court. There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may call an attorney referral service or a legal aid office (listed in the phone book).

    If you choose to file a written response yourself, at the same time you file your written response to the Court you must also mail or take a carbon copy or photocopy of your written response to the "Plaintiff/Plaintiff's Attorney" named below.

## IMPORTANTE

Usted ha sido demandado legalmente.  Tiene veinte (20) dias, contados a partir del recibo de esta notificacion, para contestar la demanda adjunta, por escrito, y presentarla ante este tribunal. Una llamada telefonica no lo protegera; si usted desea que el tribunal considere su defensa, debe presentar su respuesta por escrito, incluyendo el numero del caso y los nombres de las partes, interesadas en dicho caso.  Si usted no contesta la demanda a tiempo, pudiese perder el caso y podria ser despojado de sus ingresos y propiedades, o privado de sus derechos,sin previo aviso del tribunal.  existen otros requisitos legales.  Si lo desea, puede usted consultar a un abogado immediatamente.  Si no conoce a un abogado, puede llamar a una de las oficinas de asistencia legal que aparecen en la quia telefonica.

Si desea responder a la demanda por su cuenta, al mismo tiempo en que presenta su respuesta ante el tribunal, debera usted enviar por correo o entregar una copia de su respuesta a la persona denominada abajo como "Plaintiff/Plaintiff's Attorney."  (Demandate o Abogado del Demanadante).

## IMPORTANT

Des poursuites judiciaries ont ete entreprises contre vous.  Vous avez 20 jours consecutifs a partir de la date de l'assignation de cette citation pour deposer une reponse ecrite a la plainte ci-jointe aupres de ce Tribunal.  Un simple coup de telephone est insuffisant pour vous proteger; vous etes oblige de deposer votre reponse ecrite, avec mention du numero de dossier ci-dessus et du nom des parties nommees ici, si vous souhaitez que le Tribunal entende votre  cause. Si vous ne deposez pas votre reponse ecrite dans le relai requis, vous risquez de perdre la cause ainsi que votre salaire, votre argent, et vos biens peuvent etre saisis par la suite, sans aucun preavis ulterieur du Tribunal.  Il y a d'autes obligations juridiques et vous pouvez requerir les services immediats d'un avocat.  Si vous ne connaissez pas d'avocat, vous pourriez telephoner a un service de reference d'avocats ou a un bureau d'assistance juridique (figurant a l'annuaire de telephones).

Si vous choisissez de deposer vous-meme une reponse ecrite, il vous faudra egalement, en meme temps que cette formalite, faire parvenir ou expedier une copie au carbone ou une photocopie de votre reponse ecrite au "Plaintiff/Plaintiff's Attorney" (Plaignant ou a son avocat) nomme ci-dessous.

MADISON B. McCLELLAN
Waterside Professional Building
221 E. Osceola Street
Stuart, Florida  34994
(772) 283-8260
FBN #0955530

**WITNESS** my hand and the seal of the Court on __11/27_____, 2002.

Marsha G. Ewing
Clerk of Circuit and County Courts

NOTICE TO PERSONS WITH DISABILITIES
If you are a person with a disability who needs any accommoda-
tion in order to participate in this proceeding, you are entitled, at
no cost to you, to the provision of certain assistance. Please con-
tact Clerk of Court's Administration Division, 100 E. Ocean Blvd.,
Ste. 200, Stuart, FL 34994, 561-288-5576 within 2 working days
of your receipt of this document. If you are hearing or voice impaired,
call 1-800-955-8771.

By:___ s/s DEBBIE FLEETWOOD

DEPUTY CLERK

IN THE CIRCUIT COURT OF THE
19TH JUDICIAL CIRCUIT IN AND FOR
MARTIN COUNTY, FLORIDA

PERFECT PUTTER, CO.,
CLARK COLLINS and
PATRICK RILEY,
    Plaintiffs

CASE NO. 02- 935 CA

v.

HON. BEN BRYAN

CALLAWAY GOLF COMPANY,
a foreign corporation,
CALLAWAY GOLF SALES
COMPANY, a foreign corporation,
ODYSSEY GOLF, a foreign corporation,
and KERRY KEENA,

    Defendants
_____/



## MOTION TO APPOINT PROCESS SERVER

Plaintiff, pursuant to Rule 1.070, Florida Rules of Civil Procedure, as made applicable

herein, moves this Honorable Court to constitute and appoint Attorneys Diversified Service,

whose address is 3760 Monroe Street, Carlsbad, California, 92008, to serve process in the above

cause. Plaintiff would respectfully show that said, Attorneys Diversified Service, Process Server

is experienced, over the age of twenty-one (21) years and is a disinterested party to this action.

**GARY, WILLIAMS, PARENTS, FINNEY,
LEWIS, McMANUS, WATSON & SPERANDO**
Attorneys for Plaintiffs
Waterside Professional Building
221 East Osceola Street
Stuart, Florida 34994
(772) 283-8260

LINDA WEIKSNAR
Florida Bar No: 0040487

## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA

PERFECT PUTTER CO.,                     CASE NO.
CLARK COLLINS and
PATRICK RILEY,                          JUDGE:

      Plaintiffs,

v.

CALLAWAY GOLF COMPANY,
a foreign corporation,
CALLAWAY GOLF SALES
COMPANY, a foreign corporation,
ODYSSEY GOLF, a foreign corporation,
and KERRY KEENA,

      Defendants.

_____/

### AFFIDAVIT OF ANNE MARIE OLDHAM

STATE OF CALIFORNIA   )
COUNTY OF SAN DIEGO)

    I, **ANNE MARIE OLDHAM**, being first duly sworn, say as follows:

    1.   I am over the age of eighteen and am *sui juris*.

    2.   I am Vice President, Associate General Counsel and Assistant Secretary of Callaway Golf Company in Carlsbad, California.

    3.   Callaway Golf Company is a Delaware corporation qualified to do business in the State of California.

    4. Callaway Golf Company's headquarters and principal place of business is physically located at 2180 Rutherford Road, Carlsbad, California 92008-8815, one of eight buildings Callaway Golf Company owns or leases in Carlsbad, California.   All managerial and policymaking functions for Callaway Golf Company are carried out from its headquarters in

Page 1 of  2



Carlsbad, California.

    5.  Banking, corporate and financial records for Callaway Golf Company are located in one of Callaway Golf's buildings at its principal place of business in Carlsbad, California.

    6.  The majority of Callaway Golf Company's employees work in the Callaway Golf buildings located in Carlsbad, California.

    7.  Callaway Golf Company's payroll is administered and paid from one of its buildings in Carlsbad, California.

*FURTHER AFFIANT SAYETH NAUGHT*

Dated this 18th day of December, 2002.

_____
**ANNE MARIE OLDHAM**

STATE OF CALIFORNIA
COUNTY OF SAN DIEGO

    Subscribed and sworn to before me this 18th day of December, 2002, by **ANNE MARIE OLDHAM**, as an Officer of CALLAWAY GOLF COMPANY, who is personally known to me, and who did take an oath.



MOIRA GARCIA
Comm. # 1240926
NOTARY PUBLIC - CALIFORNIA
San Diego County
My Comm. Expires Nov. 6, 2003

_____
Notary Public, State of California
Printed Name: Moira Garcia
Commission Expiration Date: 11-6-03

*H:\\Legal\Common\MikeR\Perfect Putter\12-12-02 Affidavit of Anne Marie Oldham - Callaway Golf.wpd*

Page 2 of 2

## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA

PERFECT PUTTER CO.,                    CASE NO.
CLARK COLLINS and
PATRICK RILEY,                            JUDGE:

        Plaintiffs,

v.

CALLAWAY GOLF COMPANY,
a foreign corporation,
CALLAWAY GOLF SALES
COMPANY, a foreign corporation,
ODYSSEY GOLF, a foreign corporation,
and KERRY KEENA,

        Defendants.

_____/

## AFFIDAVIT OF ANNE MARIE OLDHAM

STATE OF CALIFORNIA   )
COUNTY OF SAN DIEGO )

     I, **ANNE MARIE OLDHAM**, being first duly sworn, say as follows:

    1.  I am over the age of eighteen and am *sui juris*.

    2.  I am Assistant Secretary of Callaway Golf Sales Company, located in Carlsbad, California.

    3.  Callaway Golf Sales Company is a California Corporation.

    4.  Callaway Golf Sales Company's headquarters and principal place of business is physically located at 2180 Rutherford Road, Carlsbad, California 92008, one of eight buildings Callaway Golf Company owns or leases in Carlsbad, CA.  All managerial and policymaking functions for Callaway Golf Sales Company are carried out from its headquarters in Carlsbad, CA.

Page 1 of 2



EXHIBIT

C

5.   Banking, corporate records and financial records for Callaway Golf Sales Company are located in its headquarters or in one of the other Callaway Golf buildings located in Carlsbad, California.

6.  The majority of Callaway Golf Sales Company's employees work at its headquarters located in Carlsbad, California.

7.     Callaway Golf Sales Company's payroll is administered and paid from one of Callaway Golf's buildings located  in Carlsbad, California.

*FURTHER AFFIANT SAYETH NAUGHT*

Dated this 18th day of December, 2002.

_____

**ANNE MARIE OLDHAM**

STATE OF CALIFORNIA
COUNTY OF SAN DIEGO

Subscribed and sworn to before me this 18th day of December, 2002, by **ANNE MARIE OLDHAM**, as an Officer of CALLAWAY GOLF SALES COMPANY, who is personally known to me, and who did take an oath.



MOIRA GARCIA
Comm. # 1240926
NOTARY PUBLIC - CALIFORNIA
San Diego County
My Comm. Expires Nov. 6, 2003

Notary Public, State of California
Printed Name: Moira Garcia
Commission Expiration Date: 11-6-03

*H:\Legal\Common\MikeR\Perfect Putter\12-12-02 Affidavit of Anne Marie Oldham - Callaway Golf Sales.wpd*

Page 2 of  2

## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA

PERFECT PUTTER CO.,                          CASE NO.
CLARK COLLINS and
PATRICK RILEY,                               JUDGE:

     Plaintiffs,

v.

CALLAWAY GOLF COMPANY,
a foreign corporation,
CALLAWAY GOLF SALES
COMPANY, a foreign corporation,
ODYSSEY GOLF, a foreign corporation,
and KERRY KEENA,

     Defendants.
_____/

## <u>AFFIDAVIT OF ANNE MARIE OLDHAM</u>

STATE OF CALIFORNIA   )
COUNTY OF SAN DIEGO )

     I, **ANNE MARIE OLDHAM**, being first duly sworn, say as follows:

1.   I am over the age of eighteen and am *sui juris*.

2.   I was Assistant Secretary of Odyssey Golf, Inc.

3.   Odyssey Golf, Inc. was a California corporation which was incorporated in August 1997 and was voluntarily dissolved in December 1999.

3.   At all times while Odyssey Golf, Inc. was an active corporation, its headquarters and principal place of business was physically located at 1969 Kellogg Ave., Carlsbad, California 92008, where all managerial and policymaking functions were carried out.

4.   All corporate records and financial records for Odyssey Golf, Inc. were located at or near its principal place of business in Carlsbad, California.

Page 1 of 2



EXHIBIT
D
Bumberg No. 5208

5.  The majority of Odyssey Golf, Inc.'s employees worked at its headquarters located in Carlsbad, California.

6.  Odyssey Golf, Inc.'s payroll was administered and paid at or near its headquarters located in Carlsbad, California.

*FURTHER AFFIANT SAYETH NAUGHT*

Dated this 18th day of December, 2002.

**ANNE MARIE OLDHAM**

STATE OF CALIFORNIA
COUNTY OF SAN DIEGO

Subscribed and sworn to before me this 18th day of December, 2002, by **ANNE MARIE OLDHAM**, as a former Officer of **ODYSSEY GOLF, INC.**, a dissolved corporation, who is personally known to me, and who did take an oath.

MOIRA GARCIA
Comm. # 1240926
NOTARY PUBLIC - CALIFORNIA
San Diego County
My Comm. Expires Nov. 6, 2003

Notary Public, State of California
Printed Name: Moira Garcia
Commission Expiration Date: 11-6-03

*H:\Legal\Common\MikeR\Perfect Putter \12-12-02 Affidavit of Anne Marie Oldham - Odyssey Golf.wpd*

Page 2 of 2

# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF FLORIDA

PERFECT PUTTER CO.,                          CASE NO.
CLARK COLLINS and
PATRICK RILEY,                               JUDGE:

       Plaintiffs,

v.

CALLAWAY GOLF COMPANY,
a foreign corporation,
CALLAWAY GOLF SALES
COMPANY, a foreign corporation,
ODYSSEY GOLF, a foreign corporation,
and KERRY KEENA,

       Defendants.
_____/

## AFFIDAVIT OF BRADLEY J. HOLIDAY

STATE OF CALIFORNIA   )
COUNTY OF SAN DIEGO )

    I, **BRADLEY J. HOLIDAY**, being first duly sworn, say as follows:

    1.  I am over the age of eighteen and am *sui juris*.

    2.  I am Executive Vice President and Chief Financial Officer for Callaway Golf Company, located in Carlsbad, California.

    3.  I have personal knowledge of the total sales of the Odyssey White Hot-Two Ball Putter by Callaway Golf Company.

Page 1 of  2



EXHIBIT

E

4.  In 2002, Callaway Golf Company's total revenues from sales of the Odyssey White Hot-Two Ball Putter exceeded $75,000.00.

*FURTHER AFFIANT SAYETH NAUGHT*

Dated this _19_ day of _December_, 2002.

_Bradley Holiday_
**BRADLEY J. HOLIDAY**

STATE OF CALIFORNIA
COUNTY OF _California_

Subscribed and sworn to before me this 19th day of _December_, 2002, by **BRADLEY J. HOLIDAY**, as an Officer of CALLAWAY GOLF COMPANY, who [✓] is personally known to me, or [__] produced _____ as identification, and who [✓] did [__] did not take an oath.

```
MOIRA GARCIA
Comm. # 1240926
NOTARY PUBLIC · CALIFORNIA
San Diego County
My Comm. Expires Nov. 6, 2003
```

_Moira Garcia_
Notary Public, State of _California_
Printed Name: _Moira Garcia_
Commission Expiration Date: _11-06-03_

*H:\Legal\Common\MikeR\Perfect Putter\Affidavit of Brad Holiday.wpd*

Page 2 of 2

Symbol(s) 7209        &                        Date
Use Page Up, Page Down, ↑, ↓, or press ↵

12/18 11:31A (PN) Golf Giant Callaway Sued Over Design of Top Selling Putter;
                  Attorneys Want Sales of White Hot 2-Ball Putter Stopped
Story 7209 (R/FL, E/GLF, P/MEN, S/NKL, I/RTS, I/TEC)
STUART, Fla., Dec 18, 2002 /PRNewswire via COMTEX/ -- In the first year of
sales Callaway's Odyssey White Hot 2-Ball Putter has been selling like hot
cakes; however, two Florida men and their attorneys say they'll ask a judge to
freeze all sales of the number one selling putter. That's because Clark Collins,
60, and Patrick Riley, 61, say Callaway ripped them off and is making millions
of dollars off of their idea.

Just a few weeks ago Collins and Riley filed suit against the world's largest
golf manufacturer in Stuart, Florida. They've also hired nationally known
attorneys Willie Gary and his partner Madison McClellan, who have won jury
awards in similar cases against Disney World for $240 million and against beer
giant Anheuser-Busch for $139 million. The suit claims that Callaway stole the
"Perfect Putter" design concept and created the wildly popular White Hot 2-Ball
putter which is currently used by a number of top professionals including the
world's best female player, Annika Sorenstam.

"When I first saw the White Hot putter my heart stopped," recalled Collins, who
designs putter and clubs at his small driving range. "This is a pure copy if
there ever was one." The suit lists numerous meetings and correspondence that
Collins and Riley had with Callaway at the request of the golf giant. The
12-count suit also states on at least two occasions Callaway requested, examined
and tested "Perfect Putter." "We sent them more putters as they demanded and
after they got them... they just walked away and I felt betrayed," Riley said.
"And a couple of years later up pops our putter disguised as a Callaway
product."

The suit against Callaway is also requesting an injunction on all sales of the
White Hot 2-Ball putter. "They shouldn't be able to keep a single nickel of
profit from technology they stole from these men," attorney Madison McClellan
said. "Because if they get to keep the money, they'll do it again."

McClellan and Gary say they will be seeking damages in the hundreds of millions
of dollars and may be a billion dollars. Callaway has already sold one million
White Hot 2-Ball putters at a suggested retail price of $225.00 per putter.

                    MAKE YOUR OPINION COUNT - Click Here
              http://tbutton.prnewswire.com/prn/11690X41205805

SOURCE McNicholas & Associates Inc.


CONTACT:        Tom McNicholas, "Perfect Putter" Communications Director, of
                McNicholas & Associates Inc., +1-772-219-1719, or
+1-772-263-1567

URL:            http://www.mcnicholas.biz



EXHIBIT
F

JS 44 (Rev. 3/99)

# CIVIL COVER SHEET

## 02-14342

CIV-PAINE

The JS-44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

### I. (a) PLAINTIFFS
Perfect Putter Co.,
Clark Collins and
Patrick Riley

### DEFENDANTS
Callaway Golf Company, a foreign corporation, Callaway Golf Sales Company, a foreign corporation, Odyssey Golf, a foreign corporation, and Kerry Keena

(b) County of Residence of First Listed Plaintiff  Martin
(EXCEPT IN U.S. PLAINTIFF CASES)

County of Residence of First Listed  San Diego
(IN U.S. PLAINTIFF CASES ONLY)

FRANK J. LYNCH, JR.
UNITED STATES MAGISTRATE JUDGE

NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE
LAND INVOLVED.

(c) Attorney's (Firm Name, Address, and Telephone Number)
Gary Williams Parenti, et al.
221 E. Osceola Street
Stuart, FL 34994
(772) 283-8260

Attorneys (If Known)
Page Mrachek Fitzgerald & Rose, P.A.
1000 SE Monterey Commons Blvd., Ste. 306
Stuart, FL 34996
(772) 221-7757

### II. BASIS OF JURISDICTION   (Place an "X" in One Box Only)

| | |
|---|---|
| ☐ 1 U.S. Government Plaintiff | ☐ 3 Federal Question (U.S. Government Not a Party) |
| ☐ 2 U.S. Government Defendant | ☒ 4 Diversity (Indicate Citizenship of Parties in Item III) |

### III. CITIZENSHIP OF PRINCIPAL PARTIES (Place an "X" in One Box for Plaintiff
(For Diversity Cases Only)                         and One Box for Defendant)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☒ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☒ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☒ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☒ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

### IV. NATURE OF SUIT   (Place an "X" in One Box Only)

| CONTRACT | TORTS | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** ☐ 310 Airplane | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 315 Airplane Product Liability | ☐ 620 Other Food & Drug | ☐ 423 Withdrawal 28 USC 157 | ☐ 410 Antitrust ☐ 430 Banks and Banking |
| ☐ 130 Miller Act | **PERSONAL INJURY** ☐ 362 Personal Injury— Med. Malpractice | ☐ 625 Drug Related Seizure of Property 21 USC 881 | | ☐ 450 Commerce/ICC Rates/etc. |
| ☐ 140 Negotiable Instrument | ☐ 365 Personal Injury— Product Liability | ☐ 630 Liquor Laws | **PROPERTY RIGHTS** | ☐ 460 Deportation |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 640 R.R. & Truck | ☐ 820 Copyrights | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 151 Medicare Act | **PERSONAL PROPERTY** | ☐ 650 Airline Regs. | ☐ 830 Patent | ☐ 810 Selective Service |
| ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans) | ☐ 330 Federal Employers' Liability ☐ 340 Marine | ☐ 660 Occupational Safety/Health | ☐ 840 Trademark | ☐ 850 Securities/Commodities/ Exchange |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 345 Marine Product Liability ☐ 370 Other Fraud | ☐ 690 Other | **SOCIAL SECURITY** | ☐ 875 Customer Challenge 12 USC 3410 |
| ☐ 160 Stockholders' Suits | ☐ 350 Motor Vehicle ☐ 371 Truth in Lending | **LABOR** | ☐ 861 HIA (1395ff) | ☐ 891 Agricultural Acts |
| ☒ 190 Other Contract | ☐ 355 Motor Vehicle Product Liability ☐ 380 Other Personal Property Damage | ☐ 710 Fair Labor Standards Act | ☐ 862 Black Lung (923) | ☐ 892 Economic Stabilization Act |
| ☐ 195 Contract Product Liability | ☐ 360 Other Personal Injury ☐ 385 Property Damage Product Liability | ☐ 720 Labor/Mgmt. Relations | ☐ 863 DIWC/DIWW (405(g)) ☐ 864 SSID Title XVI | ☐ 893 Environmental Matters ☐ 894 Energy Allocation Act |
| **REAL PROPERTY** | **CIVIL RIGHTS** | ☐ 730 Labor/Mgmt.Reporting & Disclosure Act | ☐ 865 RSI (405(g)) | ☐ 895 Freedom of Information Act |
| ☐ 210 Land Condemnation | ☐ 441 Voting | ☐ 740 Railway Labor Act | **FEDERAL TAX SUITS** | ☐ 900 Appeal of Fee Determination Under Equal Access to Justice |
| ☐ 220 Foreclosure | ☐ 442 Employment **PRISONER PETITIONS** | ☐ 790 Other Labor Litigation | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 950 Constitutionality of State Statutes |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/ Accommodations ☐ 510 Motions to Vacate Sentence Habeas Corpus: | ☐ 791 Empl. Ret. Inc. Security Act | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 890 Other Statutory Actions |
| ☐ 240 Torts to Land | ☐ 444 Welfare ☐ 530 General | | | |
| ☐ 245 Tort Product Liability | ☐ 440 Other Civil Rights ☐ 535 Death Penalty | | | |
| ☐ 290 All Other Real Property | ☐ 540 Mandamus & Other ☐ 550 Civil Rights ☐ 555 Prison Condition | | | |

### V. ORIGIN   (PLACE AN "X" IN ONE BOX ONLY)

| | |
|---|---|
| ☐ 1 Original Proceeding | ☒ 2 Removed from State Court |
| ☐ 3 Remanded from Appellate Court | ☐ 4 Reinstated or Reopened |
| ☐ 5 Transferred from another district (specify) | ☐ 6 Multidistrict Litigation |
| ☐ 7 Appeal to District Judge from Magistrate Judgment | |

### VI. CAUSE OF ACTION
(Cite the U.S. Civil Statute under which you are filing and write brief statement of cause.
Do not cite jurisdictional statutes unless diversity.)

28 U.S.C. 1332

### VII. REQUESTED IN COMPLAINT:
☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23

DEMAND $

CHECK YES only if demanded in complaint:
JURY DEMAND: ☒ Yes  ☐ No

### VIII. RELATED CASE(S) IF ANY
(See instructions):

JUDGE                          DOCKET NUMBER

DATE  12/20/02
SIGNATURE OF ATTORNEY OF RECORD

FOR OFFICE USE ONLY

RECEIPT # 27437   AMOUNT $150.00   APPLYING IFP          JUDGE PAINE   MAG. JUDGE Lynch

JS 44 Reverse (Rev. 12/96)

# INSTRUCTIONS FOR ATTORNEYS COMPLETING CIVIL COVER SHEET FORM JS-44

## Authority For Civil Cover Sheet

The JS-44 civil cover sheet and the information contained herein neither replaces nor supplements the filings and service of pleading or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. Consequently, a civil cover sheet is submitted to the Clerk of Court for each civil complaint filed. The attorney filing a case should complete the form as follows:

**I.      (a) Plaintiffs-Defendants.** Enter names (last, first, middle initial) of plaintiff and defendant. If the plaintiff or defendant is a government agency, use only the full name or standard abbreviations. If the plaintiff or defendant is an official within a government agency, identify first the agency and then the official, giving both name and title.

(b.) County of Residence. For each civil case filed, except U.S. plaintiff cases, enter the name of the county where the first listed plaintiff resides at the time of filing. In U.S. plaintiff cases, enter the name of the county in which the first listed defendant resides at the time of filing. (NOTE: In land condemnation cases, the county of residence of the "defendant" is the location of the tract of land involved.)

(c) Attorneys. Enter the firm name, address, telephone number, and attorney of record. If there are several attorneys, list them on an attachment, noting in this section "(see attachment)".

**II.      Jurisdiction.** The basis of jurisdiction is set forth under Rule 8(a), F.R.C.P., which requires that jurisdictions be shown in pleadings. Place an "X" in one of the boxes. If there is more than one basis of jurisdiction, precedence is given in the order shown below.

United States plaintiff. (1) Jurisdiction based on 28 U.S.C. 1345 and 1348. Suits by agencies and officers of the United States, are included here.

United States defendant. (2) When the plaintiff is suing the United States, its officers or agencies, place an "X" in this box.

Federal question. (3) This refers to suits under 28 U.S.C. 1331, where jurisdiction arises under the Constitution of the United States, an amendment to the Constitution, an act of Congress or a treaty of the United States. In cases where the U.S. is a party, the U.S. plaintiff or defendant code takes precedence, and box 1 or 2 should be marked.

Diversity of citizenship. (4) This refers to suits under 28 U.S.C. 1332, where parties are citizens of different states. When Box 4 is checked, the citizenship of the different parties must be checked. (See Section III below; federal question actions take precedence over diversity cases.)

**III.      Residence (citizenship) of Principal Parties.** This section of the JS-44 is to be completed if diversity of citizenship was indicated above. Mark this section for each principal party.

**IV.      Nature of Suit.** Place an "X" in the appropriate box. If the nature of suit cannot be determined, be sure the cause of action, in Section IV below, is sufficient to enable the deputy clerk or the statistical clerks in the Administrative Office to determine the nature of suit. If the cause fits more than one nature of suit, select the most definitive.

**V.      Origin.** Place an "X" in one of the seven boxes.

Original Proceedings. (1) Cases which originate in the United States district courts.

Removed from State Court. (2) Proceedings initiated in state courts may be removed to the district courts under Title 28 U.S.C., Section 1441. When the petition for removal is granted, check this box.

Remanded from Appellate Court. (3) Check this box for cases remanded to the district court for further action. Use the date of remand as the filing date.

Reinstated or Reopened. (4) Check this box for cases reinstated or reopened in the district court. Use the reopening date as the filing date.

Transferred from Another District. (5) For cases transferred under Title 28 U.S.C. Section 1404(a) Do not use this for within district transfers or multidistrict litigation transfers.

Multidistrict Litigation. (6) Check this box when a multidistrict case is transferred into the district under authority of Title 28 U.S.C. Section 1407. When this box is checked, do not check (5) above.

Appeal to District Judge from Magistrate Judgment. (7) Check this box for an appeal from a magistrate judge's decision.

**VI.      Cause of Action.** Report the civil statute directly related to the cause of action and give a brief description of the cause.

**VII.      Requested in Complaint.** Class Action. Place an "X" in this box if you are filing a class action under Rule 23, F.R.Cv.P.

Demand. In this space enter the dollar amount (in thousands of dollars) being demanded or indicate other demand such as a preliminary injunction.

Jury Demand. Check the appropriate box to indicate whether or not a jury is being demanded.

**VIII.      Related Cases.** This section of the JS-44 is used to reference related pending cases if any. If there are related pending cases, insert the docket numbers and the corresponding judge names for such cases.

**Date and Attorney Signature.** Date and sign the civil cover sheet.